IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUIS FARONDA-BLANDON,     : | |
|     Petitioner     : | |
|                   : | |
|     v.     : | No. 02-CV-05022-HB |
|                   : | |
| HONORABLE JOHN ASHCROFT,    : | |
| UNITED STATES ATTORNEY     : | |
| GENERAL,     : | |
|     Respondent     : | |

GOVERNMENT'S MOTION TO DISMISS
HABEAS CORPUS PETITION

I. INTRODUCTION

         The government moves to dismiss this alien habeas petition for lack of jurisdiction. The petitioner is an alien from Colombia who entered the United States illegally in 1984. After compiling a criminal record, the Immigration & Naturalization Service (INS) arrested him and commenced removal proceedings.

         During the proceedings Faronda applied for a relief from expulsion called "withholding" of removal.[1] To

---

[1] "Withholding" of removal is a statutory provision at Section 241(b)(3) of the Immigration & Nationality Act, codified at 8 U.S.C. § 1231(b)(3)(A). Loosely, withholding is a subset of

qualify for withholding under § 1231(b) an alien must establish a "clear probability" of persecution and not be barred by a conviction as proscribed by § 1231(b)(3). To warrant withholding, the Attorney General must "decide" that the alien's life or freedom would be threatened in his country based on the same factors as listed in § 1101(a)(42)(A). See 8 U.S.C. § 1231(b)(3)(A); Abdulai v. Ashcroft, 239 F.3d 542, 545-46 (3d Cir. 2001). If the Attorney General so decides, the "withholding" is mandatory. Withholding does not grant the alien a right to remain in the United States; the alien may be removed to another country. INS v. Aguirre-Aguirre, 526 U.S. 415, 419 (1999).

    The Immigration Judge granted the withholding application, based on the suggestion that Faronda was a member of "particular social group" who would be subject to

---

> political asylum, albeit with differences. Under the INA, the Attorney General must "withhold" removal if an applicant establishes that there is a clear probability that his " 'life or freedom would be threatened in [a] country on account of' a protected ground," unless a statutory exception applies. Abankwah v. INS, 185 F.3d 18, 22 (2d Cir. 1999); and see INS v. Aguirre-Aguirre, 526 U.S. 415, 419 (1999).

persecution in Colombia. Faronda's particular social group is homeless, mentally disturbed "street" people. The INS appealed the grant of withholding to the Board of Immigration Appeals (BIA), which sustained the grant and dismissed the appeal on December 4, 2001.

As no other country has offered to accept Faronda, his continued detention serves no purpose and the INS headquarters ordered him released on August 15, 2002. Faronda since has been released from custody (the release order is attached in .pdf format).

Faronda filed the instant petition on July 22, 2002. The petition does not challenge the final order of removal, but complains only about Faronda's physical detention. The Court had subject-matter jurisdiction under 28 U.S.C. § 2241(c)(3). Because his release moots the petition, the case should be dismissed.[2]

II. ARGUMENT

Absent a "live" case or controversy, this Court should dismiss the petition pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject-matter jurisdiction. See U.S.Const. Art. 3, § 2, cl. 1; North Carolina v. Rice, 404

---

[2] The Court has listed the matter for a hearing on Wednesday, August 28, 2002 at 10 a.m.

-3-

U.S. 244, 246, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971); <u>Ruocchio v. United Transp. Union, Local 60</u>, 181 F.3d 376, 382 n.8 (3d Cir. 1999). An alien whose petition challenges physical detention is afforded complete relief when he is released from detention.  Article III courts are precluded from ruling on wholly abstract matters, and there must be a live, ongoing dispute between the parties at all stages of the litigation. <u>County of Morris v. Nationalist Movement</u>, 273 F.3d 527, 533 (3d Cir. 2001).  Without a live dispute, the Court can grant no effective relief, and this power to grant effective relief is the touchstone of a case or controversy, and thus a requisite for jurisdiction under Article III. "If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." <u>Blanciak v. Allegheny Ludlum Corp.</u>, 77 F.3d 690, 698-99 (3d Cir. 1996)).

III. <u>CONCLUSION</u>

For the foregoing reasons, the petition should be dismissed.

                              Respectfully,

                              PATRICK L. MEEHAN
                              United States Attorney

_____   _____
                              JAMES G. SHEEHAN
                              Assistant United States Attorney
                              Chief, Civil Division

                              _____
                              STEPHEN J. BRITT
                              Assistant United States Attorney

## *Certificate of Service*

I certify hereby that on the 16th Day of August, 2002, I personally served a copy of the attached Government's Motion To Dismiss Petition For Habeas Corpus, addressed to:

>Luis Faronda-Blandon    A74 979 517
>c/o Kent Frederick Esquire
>USINS District Counsel
>1600 Callowhill Street
>Philadelphia, PA                  19130-4195

by first class mail service upon counsel

_____
STEPHEN J. BRITT
Assistant United States Attorney
Suite 1250, 615 Chestnut Street
Philadelphia, PA 19106-4476
(215) 861-8443
(215) 861-8642    telecopier